IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWERTECH TECHNOLOGY INC., a Taiwanese corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>TESSERA, INC., a Delaware corporation,<br><br>    Defendant.<br>_____/ | No. C 11-6121 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO FILE UNDER SEAL AND DENYING PARTIES' STIPULATION FOR LEAVE TO FILE UNDER SEAL (Docket Nos. 24 and 25) |

    Defendant Tessera, Inc. has filed a motion seeking to file under seal its unredacted memorandum of law in support of its motion to dismiss and to strike, as well as Exhibits 2, 5-7, 9, 12 and 15 to the declaration of Nathan Lowenstein, which Defendant submitted in support of its motion to dismiss and to strike. Docket No. 24. The Court notes that Defendant has filed a redacted version of its memorandum in the public record. See Docket No. 20. Defendant and Plaintiff Powertech Technology, Inc. have also filed a stipulation to the sealing of these documents. Docket No. 25.

    Defendant represents that the Court has previously granted permission to file Exhibits 2, 5-7 and 9 in the related case, Powertech Technology, Inc. v. Tessera, Inc., Case No. 10-945. Defendant states that the exhibits contain the license agreement between the parties, as well as communications between the parties regarding this agreement. Mot. at 2. Defendant further states that the exhibits contain sensitive, confidential and proprietary business information, including information concerning the scope

of the license and the relevant royalty rate(s). Id. Defendant also states that the redacted portions of the memorandum quote and discuss the exhibits that it seeks to seal.

Defendant's filings are connected to a dispositive motion. To establish that the documents are sealable, Defendant "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. Civil Local Rule 79-5(a).

Documents cannot be sealed based upon a stipulation. See id. Thus, the parties' stipulation is DELCLINED. (Docket No. 25).

Defendant, however, has provided reasons supporting the sealing of the documents. Accordingly, Defendant's motion for leave to file documents under seal is GRANTED (Docket No. 24). Within three days of the date of this Order, Defendant shall electronically file under seal its unredacted memorandum and Exhibits 2, 5-7, 9, 12 and 15 to the declaration of Nathan Lowenstein, in accordance with General Order 62.

IT IS SO ORDERED.

Dated: 1/9/2012

CLAUDIA WILKEN
United States District Judge

2