IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWERTECH TECHNOLOGY INC., a Taiwanese corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>TESSERA, INC., a Delaware corporation,<br><br>      Defendant.<br>_____/ | No. C 11-6121 CW<br><br>ORDER GRANTING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND DENYING PARTIES' STIPULATIONS FOR LEAVE TO FILE UNDER SEAL (Docket Nos. 40, 47 and 49) |

    Plaintiff Powertech Technology, Inc. has filed a motion to seeking to file under seal its unredacted opposition to Defendant Tessera, Inc.'s motion to dismiss and to strike, as well as the unredacted declaration of C.C. Liao, which Plaintiff has submitted in support of its opposition.  Docket No. 40.  Defendant Tessera, Inc. has also filed a motion seeking to file under seal its unredacted reply in further support of its motion, as well as Exhibit 19 to the supplemental declaration of Nathan Lowenstein, which Defendant submitted in support of its reply.  Docket No. 47. The Court notes that the parties have filed redacted versions of the opposition, the Liao Declaration and the reply in the public record.  See Docket Nos. 41, 41-1 and 50.  The parties have also filed two stipulations agreeing to the sealing of these documents. Docket Nos. 40-2 and 49.

    The parties represent that the portions of the opposition, reply and the Liao Declaration discuss and quote from exhibits that this Court has previously granted permission to file under

seal in this case, including the license agreement between the parties and communications between the parties regarding this agreement. <u>See</u> Docket Nos. 26 and 29. Defendant further represents that Exhibit 19 contains confidential business communications between the parties discussing their licensing relationship and is similar in type and content to the other documents previously filed under seal.

The parties' filings are connected to a dispositive motion. To establish that the documents are sealable, they "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. Civil Local Rule 79-5(a).

Documents cannot be sealed based upon a stipulation. <u>See</u> <u>id.</u> Thus, the parties' stipulations are DECLINED (Docket Nos. 40-2 and 49).

The parties, however, have provided reasons supporting the sealing of the documents. Accordingly, the parties' motions for leave to file documents under seal are GRANTED (Docket Nos. 40 and 47). Within three days of the date of this Order, Plaintiff shall electronically file under seal its unredacted opposition and the unredacted Liao Declaration, and Defendant shall electronically

2

file under seal its unredacted reply and Exhibit 19 to the supplemental declaration of Nathan Lowenstein, in accordance with General Order 62.

IT IS SO ORDERED.

Dated: 1/30/2012

_____
CLAUDIA WILKEN
United States District Judge