IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POWERTECH TECHNOLOGY INC., a
Taiwanese corporation,

       Plaintiff,

   v.

TESSERA, INC., a Delaware
corporation,

       Defendant.

_____/

No. C 11-6121 CW

ORDER GRANTING IN
PART MOTION TO
FILE UNDER SEAL
(Docket No. 94)

On May 24, 2012, Plaintiff Powertech Technology, Inc. filed a motion seeking permission to file under seal its motion for leave to file a first amended complaint and Exhibit One thereto, including its proposed first amended complaint (1AC) and Appendices A and G through O attached to the 1AC.  Docket No. 94.

Plaintiff seeks to seal court records that are closely related to the merits of its complaint.  To establish that the documents are sealable, the party who has designated it as confidential "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'"  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted).  Cf. id. at 678 (explaining that a less stringent "good cause" standard is applied to sealed discovery documents attached to non-dispositive motions).  This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be

United States District Court
For the Northern District of California

confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  Civil Local Rule 79-5(a).  If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable.  Civil Local Rule 79-5(d).

In its motion to seal, Plaintiff states that it seeks to file its motion for leave to amend the complaint under seal, because the motion "discusses statements" from the depositions of Brian Marcucci in his individual capacity and in his capacity as Defendant's Rule 30(b)(6) witness, which Defendant has designated as confidential.  Mot. to Seal at 2; Heath Decl. ¶ 2.  The Court notes that, while Plaintiff apparently seeks to file its entire motion for leave to amend under seal, the motion discusses the content of Mr. Marcucci's testimony only on pages 3:25 through 4:25 and 8:22 through 9:10.  Because Defendant has designated Mr. Marcucci's testimony as sealable, it must file a declaration demonstrating with particularity the need to file under seal these portions of Plaintiff's motion within seven days of the date on which Plaintiff filed its motion to seal, or by May 31, 2012.  Defendant's failure to do so will result in the denial of Plaintiff's motion to seal as to this document.

Plaintiff states that it seeks to file under seal Appendix A to its proposed 1AC, which contains the Tessera Complaint Chip License Agreement (TCC License), because it contains "proprietary and confidential information, including provisions regarding the calculation, payment, and amount of royalties PTI pays to Tessera on licensed products," and that its disclosure would harm

United States District Court
For the Northern District of California

1   Plaintiff by giving its competitors this proprietary information.

2   Heath Decl. ¶ 14.  The Court has previously granted the parties

3   leave to file the TCC License under seal.  See Docket No. 26.  At

4   that time, the Court also granted permission to file under seal

5   Appendix G, which contains a letter from Plaintiff to Defendant

6   that quotes extensively from the TCC license.  Id.  Accordingly,

7   Plaintiff has established that Appendices A and G are sealable.

8        Plaintiff also seeks to file under seal Appendices H through

9   O, which contain other correspondence between the parties that

10  include confidential and proprietary information, including

11  discussions related to the amount, calculation and payment of

12  royalties to Tessera and the parties' business relationship.  The

13  Court notes that it has previously granted the parties permission

14  to file under seal Appendices J and O, as well as part of Appendix

15  H.  See Docket No. 29.  Having reviewed the contents of Appendices

16  H through O, the Court finds that Plaintiff has established that

17  these Appendices are sealable.

18       Finally, Plaintiff seeks to file its proposed 1AC under seal.

19  Plaintiff represents that the proposed 1AC "references, discusses

20  and quotes the Parties' TCC License and from several

21  correspondences between the parties," which are the documents that

22  this Court found cause to seal above.  Mot. to Seal at 3.  While

23  in its motion to seal, Plaintiff appears to request that the

24  proposed 1AC be sealed in its entirety, Plaintiff has indicated in

25  the copy provided to the Court the portions of it that refer to

26  the confidential material and that can be redacted.  Thus, the

27  Court finds that Plaintiff has established compelling reasons to

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  seal the unredacted proposed 1AC and to file the redacted version

2  in the public record.

3      As set forth above, Plaintiff has provided sufficient reasons

4  supporting the sealing of the unredacted proposed 1AC and of the

5  entirety of Appendices A and G through O.  Accordingly,

6  Plaintiff's motion for leave to file documents under seal is

7  GRANTED in part (Docket No. 94).  Within three days of the date of

8  this Order, Plaintiff shall electronically file under seal its

9  unredacted proposed 1AC and Appendices A and G through O, and

10 shall file in the public record the redacted proposed 1AC.

11 Further, as previously stated, by May 31, 2012, Defendant must

12 file a declaration demonstrating with particularity the need to

13 seal the portions of Plaintiff's motion for leave to amend that

14 refer to Mr. Marcucci's deposition testimony.

15      IT IS SO ORDERED.

16

17 Dated: 5/31/2012

   CLAUDIA WILKEN
   United States District Judge

18

19

20

21

22

23

24

25

26

27

28