1  G. HOPKINS GUY (STATE BAR NO. 124811)
   hop.guy@bakerbotts.com
2  BAKER BOTTS LLP
   1001 Page Mill Road, Suite 200
3  Palo Alto, California  94304
   Telephone:     +1-650-739-7500
4  Facsimile:     +1-650-739-7699

5  MICHAEL F. HEAFEY (STATE BAR NO. 153499)
   mheafey@orrick.com
6  JACOB M. HEATH (STATE BAR NO. 238959)
   jheath@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
8  Menlo Park, California  94025
   Telephone:     +1-650-614-7400
9  Facsimile:     +1-650-614-7401

10
11 Attorneys for Plaintiff
   POWERTECH TECHNOLOGY INC.

12
13                    UNITED STATES DISTRICT COURT
14                   NORTHERN DISTRICT OF CALIFORNIA
15                          OAKLAND DIVISION

16

| | |
|---|---|
| 17 POWERTECH TECHNOLOGY INC., a Taiwanese corporation, | Case No. 4:11-cv-06121-CW |
| 18                    Plaintiff, | **POWERTECH TECHNOLOGY INC.'S OPPOSITION TO TESSERA, INC.'S MOTION TO DISMISS** |
| 19      v. | DATE:    AUGUST 2, 2012 |
| 20 TESSERA, INC., a Delaware corporation, | TIME:    2:00 P.M. |
| 21                    Defendant. | CTRM:   2, 4TH FL.<br>JUDGE   HON. CLAUDIA WILKEN |

22
23
24
25
26
27
28

## I. INTRODUCTION

Plaintiff Powertech Technology Inc. respectfully requests that the Court deny Tessera's Motion To Dismiss PTI's Fifth Claim For Patent Misuse And To Strike Portions Of PTI's Fourth Claim For Fraud. Tessera moved to dismiss PTI's fifth claim for patent misuse, arguing that PTI cannot maintain an affirmative patent misuse claim for monetary relief. Tessera also moved to strike Paragraphs 44-49 and 95(e) of PTI's fourth claim for fraud. PTI has amended, curing any defects.

Federal Rule of Civil Procedure 15(a)(1)(B) allows a party to amend its pleadings *once* as a matter of right within 21 days of service of a Rule 12(b), (e), or (f) motion. PTI has not previously amended its complaint by right as to the new claims of fraud and patent misuse added to PTI's First Amended Complaint. PTI submits that it may file contemporaneously a Second Amended Complaint pursuant to Rule 15(a)(1)(B) to cure the possible defects in the First Amended Complaint. If the Court disagrees, PTI respectfully requests that the Court grant PTI leave to file the Second Amended Complaint in the form attached as **Exhibit 1** to the Declaration of Jacob M. Heath ("Heath Decl."). Leave to amend "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave, the Court considers whether there was undue delay in seeking the amendment; bad faith or dilatory motive; repeated failures to cure deficiencies by prior amendment; undue prejudice to the opposing party; and the futility of the amendment.

## II. STATEMENT OF RECENT FACTS

PTI filed this lawsuit in December 2011 alleging that Tessera breached the PTI/Tessera TCC License by accusing licensed PTI-packaged products of patent infringement in the 630 ITC Investigation without complying with the license's forum selection clause. (Dkt. No. 1.)

### A. Notice Of Tessera's Breaches

PTI gave Tessera notice of Tessera's breaches on October 6, 2011. (*Id.*) Tessera failed to cure Tessera's breaches to PTI's satisfaction. (*Id.*)

### B. PTI's Termination Of The TCC License

PTI terminated the PTI/Tessera TCC License effective June 30, 2012, for Tessera's

breaches in accordance with the license. (Heath Decl., Ex. 2.) PTI has stopped paying Tessera royalties under the license. (*Id*.) PTI no longer manufactures μBGA products but continues to manufacture wBGA products. (*Id.*)

### C. Tessera's Press Release On PTI's Termination

On July 2, 2012, Tessera issued a press release commenting on PTI's termination of the PTI/Tessera TCC License. (Heath Decl., Ex. 3.) Richard Chernicoff, president of Tessera Intellectual Property Corporation, stated that Tessera did not breach the PTI/Tessera TCC License and that Tessera "**will continue to defend the license agreement in Court . . . .**" (*Id.*) Tessera's public statements leave no doubt that Tessera intends to enforce the PTI/Tessera License against PTI.

### III. PTI'S SECOND AMENDED COMPLAINT

PTI added in its Second Amended Complaint a declaratory relief claim requesting a declaration that Tessera engaged in patent misuse and a declaration that the licensed Tessera patents are unenforceable against PTI. (SAC ¶¶ 109-120.) PTI amended Paragraphs 44-49 and 95(e) of the First Amended Complaint to clarify that PTI's claim for fraud is based on Tessera's out-of-court misrepresentations to PTI. (SAC ¶¶ 44-51 and 103(e).) PTI's amendments further clarify that Tessera's near identical statements to this Court and the Federal Circuit in *Powertech Tech. Inc. v. Tessera, Inc.,* Case No. 10-cv-00945-CW (N.D. Cal. 2010) (Wilken, J.) ("*Powertech I*") evidence Tessera's intent to induce PTI's reliance on Tessera's misrepresentations to PTI and evidence PTI's reasonable reliance on Tessera's misrepresentations to PTI. (SAC ¶¶ 45.)

### IV. LEGAL STANDARD

Rule 15(a)(1)(B) allows a party to amend its pleadings once as a matter of course. The 2009 Amendments to Rule 15 add provisions that allow a party to amend its pleadings once as a matter of right within 21 days of services of a responsive pleading or of a motion under Rule 12(b), (e), or (f). Courts, moreover, are to grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts in the Ninth Circuit adopt an "*extreme liberality*" policy towards granting leave to amend. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.

2001) (emphasis added); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In determining whether leave to amend is appropriate, courts consider whether there was undue delay in seeking the amendment; bad faith or dilatory motive; repeated failures to cure deficiencies by prior amendment; undue prejudice to the opposing party; and futility of the amendment. As discussed in greater detail below, leave to amend is appropriate here.

## V. ARGUMENT

The Court should deny Tessera's motion to dismiss and motion strike. PTI filed its Second Amended Complaint to cure the possible defects in the First Amended Complaint. If the Court determines that PTI may not amend its pleadings as a matter of right, the Court should grant PTI leave to amend. The Court, moreover, should deny Tessera's motion to strike the phrase "including but not limited to" as the phrase does not diminish the specificity of PTI's claim for fraud.

### A.   The Court Should Deny Tessera's Motion To Dismiss And Motion To Strike

Rule 15(a)(1)(B) allows a party leave to amend once as a matter of right within 21 days of service of an Rule 12(b), (e), or (f) motion. Once filed, an amended pleading supersedes the prior complaint as the operative pleading. *Valedez-Lopez v. Chertoff,* 656 F.3d 851, 857 (9th Cir. 2011). PTI opposed successfully Tessera's Motion To Dismiss And Special Motion To Strike PTI's original complaint. (Dkt. No. 93.) Pursuant to Rule 15(b)(2), the Court granted the Parties' stipulation, allowing PTI to file its First Amended Complaint to add claims for fraud, patent misuse, and declaratory judgment interpreting the license. (Dkt. No. 103.) Accordingly, PTI submits that it has not amended its complaint as a matter of course as to those new claims and therefore, may file its Second Amended Complaint to cure the possible defects in the First Amended Complaint.

### B.   The Court Should Grant PTI Leave To File A Second Amended Complaint

If the Court determines that PTI may not file the Second Amended Complaint as a matter of course, the Court should still grant PTI leave to file a Second Amended Complaint under Rule 15(a)(2) to cure the possible defects in its First Amended Complaint. Leave to amend is justified

here as PTI's request for leave was timely and made in good faith; is PTI's first amendment to cure possible deficiencies; will not result in undue prejudice to Tessera; and as PTI's proposed amendments are not futile.

### 1. PTI Makes Its Request To Amend It Complaint Timely And To File A Second Amended Complaint Is Made Timely And In Good Faith

PTI's request for leave to amend is timely. Even though discovery has begun, "courts will permit amendment provided the moving party has a reasonable explanation for the delay." *In re Static Random Access (SRAM) Antitrust Litig.*, No. C 07-01819, 2008 WL 4447584, at *4 (N.D. Cal. Sept. 29, 2008) (Wilken, J.). After receiving Tessera's motion to dismiss and motion to strike, PTI worked diligently to evaluate its claims and to prepare its Second Amended Complaint. (Heath Decl. ¶ 3.) PTI, moreover, makes its request for leave to amend in good faith. PTI has not filed the Second Amended Complaint to cause undue delay or to prejudice Tessera, but rather to cure the possible defects in the First Amended Complaint. (*Id*.)

### 2. PTI Has Not Amended Repeatedly To Cure Defects In Its Pleadings

PTI's Second Amended Complaint is PTI's first amendment to cure any possible defects. The Court denied Tessera's Motion To Dismiss And Special Motion To Strike PTI's original complaint. (Dkt. No. 93.) The Parties stipulated to PTI filing the First Amended Complaint to add claims for fraud, patent misuse, and declaratory judgment. (Dkt. No. 99.) PTI, therefore, has not made any prior amendments to cure any alleged defects.

### 3. Tessera Will Not Suffer Any Prejudice

The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd.*, 833 F.2d at 187. Tessera cannot make a sufficient showing that would overcome the strong presumption in favor of amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Tessera has already consented to PTI's filing of the First Amended Complaint that added PTI's fourth claim for fraud and fifth claim for patent misuse. (Dkt. No. 103.) PTI's Second Amended Complaint does not add any new claims for relief. The pleadings remain open as Tessera has not answered PTI's prior complaints or asserted counterclaims.

PTI's Second Amended Complaint, moreover, would not unduly disturb the case

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

PTI'S OPP. TO TESSERA'S MOT. TO DISMISS
4:11-CV-06121-CW

1  schedule. The Parties are still in an early phase of litigation. The Parties have exchanged written
2  discovery and taken four depositions. (Heath Decl. ¶ 4.) Approximately seven months remain
3  before the January 18, 2013 fact discovery deadline, giving the Parties ample opportunity to
4  conduct any additional discovery raised by PTI's Second Amended Complaint. Tessera, in fact,
5  ***propounded 70 additional*** requests for production on July 2, 2012. (*Id*.) The early stages of the
6  present litigation would not warrant any objection here. Courts, in fact, have granted motions to
7  amend with much less time remaining for discovery and with a far greater burden on the non-
8  moving party. Instructive here is *IXYS Corp. v. Advanced Power Technology, Inc.,* No. C 02-
9  03942, 2004 WL 135861, at *1 (N.D. Cal. Jan. 22, 2004), where the Parties had ***completed fact***
10 ***discovery*** before the Court granted the motion to amend. With ample opportunity for discovery
11 in the present case, the Court should grant leave to amend.

### 4. **PTI's Proposed Amendments Are Not Futile**

When granting a motion to dismiss, a court is generally ***required*** to grant the plaintiff leave to amend, ***even if no request to amend the pleading was made***, unless the amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990) (emphasis added); *Terarecon, Inc. v. Fovia, Inc.*, No. C 05-4407, 2006 WL 1867734, at *8 (N.D. Cal. July 6, 2006) (Wilken, J.). In determining whether amendment would be futile, a court examines whether the plaintiff could amend the complaint to cure the defects without requiring dismissal without contradicting any of the allegations in the original complaint. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). PTI's Second Amended Complaint states a declaratory relief claim of patent misuse that would survive a motion to dismiss. PTI's Second Amended Complaint also includes allegations of fraud that would survive a motion to strike.

### a. **PTI's Second Amended Complaint Pleads Facts Sufficient To State A Declaratory Relief Claim For Patent Misuse**

Tessera moves to dismiss without leave to amend PTI's claim for patent misuse in the First Amended Complaint, arguing that PTI cannot assert patent misuse as an affirmative claim for monetary relief. (Tessera's Motion at pp. 2-5.) PTI's Second Amended Complaint cures that

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

PTI'S OPP. TO TESSERA'S MOT. TO DISMISS
4:11-CV-06121-CW

possible defect by pleading facts sufficient to state a ***declaratory relief claim for patent misuse***.

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations that, accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept the factual allegations as true and draw all reasonable inferences in PTI's favor. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). To state a claim for declaratory relief, a plaintiff must allege facts that show "a substantial controversy, between [the] parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); 28 U.S.C. § 2201 *et seq.*

To plead patent misuse, a plaintiff must plead that the defendant impermissibly broadened the "physical or temporal" scope of the patent grant with anticompetitive effect. *Princo Corp. v. Int'l Trade Comm'n*, 616 F.3d 1318, 1328 (Fed. Cir. 2010); *Rosenthal Collins Group, LLC v. Trading Techs. Int'l., Inc.*, No. 05 C 4088, 2005 U.S. Dist. LEXIS 37504, at *24 (N.D. Ill. Dec. 26, 2005). In the context of a patent license, a plaintiff has pled sufficient facts where the complaint alleges that the patentee maintains a royalty agreement that requires the payment of royalties beyond the expiration date of patent as *per se* patent misuse. *Rosenthal Collins Group, LLC*, 2005 U.S. Dist. LEXIS 37504, at *25-26 (citing to *Brulotte v. Thys Co.*, 379 U.S. 29, 32 (1965)).

A plaintiff may plead patent misuse as an affirmative claim for declaratory relief seeking a declaration that the defendant engaged in patent misuse and that the misused patents are unenforceable against the plaintiff. *B. Braun Med. Inc. v. Abbott Labs.*, 124 F.3d 1419, 1428 (Fed. Cir. 1997); *Rosenthal Collins Group, LLC*, 2005 U.S. Dist. LEXIS 37504, at *23; *Inamed Corp. v. Kuzmak,* 275 F. Supp. 2d 1100, 1124 (N.D. Cal. 2002). In denying a defendant's motion to dismiss a plaintiff's declaratory relief claim for patent misuse, the court in *Rosenthal Collins Group, LLC* held that:

> [W]e read B. Braun to allow a patent misuse declaratory judgment claim, but allow it solely to enjoin defendant from asserting a patent infringement claim against plaintiff.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

*Rosenthal Collins Group, LLC,* 2005 U.S. Dist. LEXIS 37504, at *23.

PTI's patent misuse claim in the Second Amended Complaint alleges facts that, taken as true, establish that Tessera used the PTI/Tessera TCC License to extend the temporal and physical scope of the licensed patents. PTI alleges that Tessera misused the patents licensed under the PTI/Tessera TCC License by interpreting and asserting the license such that the license would require PTI to pay royalties ***in perpetuity*** on products that ***do not infringe any valid and unexpired licensed Tessera patent***. PTI alleges that:

- PTI terminated the PTI/Tessera TCC License effective June 30, 2012 based on Tessera's breaches of the license (SAC ¶ 74);

- PTI manufactures wBGA products that do not infringe any of the unexpired licensed Tessera patents (SAC ¶ 111);

- PTI does not manufacture any other products that infringe any of the unexpired licensed Tessera patents (SAC ¶ 111);

- PTI has stopped paying royalties to Tessera under the license (SAC ¶ 75);

- Tessera interprets and asserts that the PTI/Tessera TCC License is a product license that requires the payment of royalties on PTI's wBGA products even if PTI's wBGA products do not infringe any valid claim of an unexpired, licensed Tessera patent (SAC ¶ 112);

- Tessera has interpreted and asserts that PTI's royalty obligations under the license continue in perpetuity so long as Tessera continues to add new patents to the license (SAC ¶¶ 70, 71, 113);

- Tessera's interpretations and assertions of the license, if true, would require PTI to pay royalties on wBGA products that it manufactures in perpetuity even if those products do not infringe any valid claim of an unexpired, licensed Tessera patent (SAC ¶ 114); and

- Tessera has denied publicly a breach of the PTI/Tessera TCC License and has stated that it will defend the license in Court (SAC ¶ 76).

These facts, taken as true, would establish that Tessera has used the PTI/Tessera TCC License to extend the physical and temporal scope of the licensed Tessera patents. *Rosenthal Collins Group, LLC,* 2005 U.S. Dist. LEXIS 37504, at *24. PTI's patent misuse claim in the Second Amended Complaint seeks a declaration that Tessera has engaged in patent misuse and that Tessera's

licensed patents and the license are unenforceable *against PTI* until Tessera has purged the misuse. (SAC ¶¶ 118-119 (emphasis added).)

PTI has also pled facts that establish a substantial controversy between the Parties. PTI terminated the PTI/Tessera TCC License and has stopped paying royalties on wBGA products that it manufactures. (SAC ¶¶ 74-75.) Tessera has interpreted the PTI/Tessera TCC License to require that PTI pay royalties on wBGA products regardless of whether PTI's wBGA products infringe a valid claim of an unexpired licensed Tessera patent. (SAC ¶ 112.) Tessera, moreover, has stated publicly that it will defend the license in court. (SAC ¶ 76; Heath Decl. Ex. 3.) PTI, therefore, has a reasonable apprehension that Tessera will attempt to enforce a purported requirement that PTI continue to pay royalties on wBGA products. (SAC ¶ 77.)

As PTI has alleged facts sufficient to plead patent misuse and asserts a declaratory relief claim, PTI's patent misuse claim in the Second Amended Complaint will survive a motion to dismiss (*Rosenthal Collins Group, LLC,* 2005 U.S. Dist. LEXIS 37504, at *26), and as such is not futile.

### b. PTI's Second Amended Complaint Clarifies That PTI's Claim For Fraud Is Based On Tessera's Statements To PTI

Tessera moves to strike paragraphs 44-49 and 95(e) of PTI's fraud claim in the First Amended Complaint, arguing that those paragraphs target Tessera's statements in prior judicial proceedings that are protected by California's Litigation Privilege (Cal. Civ. Code § 47(b)). The Litigation Privilege immunizes participants from torts arising from communications made during judicial proceedings. *Silberg v. Anderson,* 50 Cal. 3d 205, 214 (Cal. 1990). The privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg,* 50 Cal. 3d at 212. Tessera argues that the Court should strike paragraphs 44-49 and 95(e) of PTI's fraud claim because Tessera's statements to this Court and the Federal Circuit in *Powertech I* cannot form the basis of a claim for fraud. (Tessera's Motion at pp. 7-9.)

PTI's Second Amended Complaint cures any possible defect by clarifying that PTI's claim for fraud is ***based on Tessera's misrepresentations to PTI*** and not on any statements Tessera made in prior proceedings. Paragraph 44 of the Second Amended Complaint only identifies ***Tessera's misrepresentations to PTI***. (SAC ¶ 44.) Paragraph 45 explains that Tessera in *Powertech I* made near identical statements to the Court and the Federal Circuit that Tessera made to PTI out of court. (SAC ¶ 45.) PTI does not allege, however, that Tessera's statements to the Court or the Federal Circuit in *Powertech I* constitute fraud on PTI. Paragraph 45 explains that Tessera's arguments to this Court and to the Federal Circuit are evidence that Tessera intended PTI to rely on Tessera's out-of-court misrepresentations to PTI. (*Id.*)

Paragraphs 47-49 explain that Tessera took the opposite position in the 630 ITC Investigation when it accused PTI-packaged products of patent infringement. (SAC ¶¶ 47-49.)

Paragraphs 50-51 explain that Tessera was aware that its ***misrepresentations to PTI*** were fraudulent and that Tessera intended PTI to rely and that PTI did rely on Tessera's fraudulent ***statements to PTI***. (SAC ¶ 50-51.) Paragraph 103(e) identifies Tessera's fraudulent misrepresentation to PTI that PTI, PTI-packaged products, and customers of PTI-packaged products were to be free from accusations of patent infringement. (SAC ¶ 103(e).)

Paragraphs 44-51 and 103(e) clarify that the Second Amended Complaint bases fraud on ***Tessera's statements to PTI.*** The Litigation Privilege, therefore, does not apply (*Silberg,* 50 Cal. 3d at 213) and those paragraphs are not subject to a motion to strike. Paragraphs 44-51 also provided some evidence of necessary elements of fraud, specifically that PTI's reasonable reliance on Tessera's misrepresentations to PTI and Tessera's intent to induce reliance on Tessera's misrepresentations to PTI. Accordingly, Paragraphs 44-51 are neither immaterial nor superfluous to PTI's claim for fraud and as such, are not subject to a motion to strike.

**C. The Court Should Deny Tessera's Motion To Strike The Phrase "Including But Not Limited To"**

Tessera moves to strike the phrase "including but not limited to" from PTI's claim for fraud, arguing that the phrase is immaterial because Rule 9(b) requires a plaintiff to plead fraud

with particularity.  Tessera's argument is baseless.  PTI has met Rule 9(b)'s pleading standards that require a plaintiff to state with particularity the circumstances constituting the fraud, including the specific "who, what, when, where and how of the material misrepresentations . . . ." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-29 (Fed. Cir. 2009).  PTI's Second Amended Complaint identifies specific instances of Tessera's misrepresentations to PTI, including the source of the alleged misrepresentation, when Tessera's made misrepresentation, and the circumstances surrounding the alleged misrepresentation.

The phrase "including but not limited to" does not diminish the specificity of the identified Tessera misrepresentations to PTI.  Courts recognize that evidence of fraud may reside with the defendant.  *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir. 1989).  The phrase "including but not limited to" acknowledges that Tessera might possess additional evidence of fraud that it has yet to disclose.  Tessera, for example, has not disclosed the confidential material submitted in the 630 ITC Investigation to PTI.  (Heath Decl. ¶ 5.)  Those documents might contain evidence that establishes other misrepresentations Tessera made to PTI.  PTI should not be limited to Tessera misrepresentations to PTI identified in the complaint when documents in Tessera's possession might establish otherwise.  The Court should, therefore, deny Tessera's motion to strike the phrase "including but not limited to."

## VI.  CONCLUSION

For the foregoing reasons, the Court should deny Tessera's Motion To Dismiss PTI's Fifth Claim For Patent Misuse And To Strike Portions Of PTI's Fourth Claim For Fraud.  If the Court disagrees that PTI may file its Second Amended Complaint as a matter of right, PTI respectfully requests that the Court grant PTI leave to amend to files the Second Amended Complaint that addresses the possible defects in the First Amended Complaint.

Dated: July 3, 2012

By:    /s/ *G. Hopkins Guy, III*
       G. Hopkins Guy, III

G. Hopkins Guy, III
hop.guy@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road, Suite 200
Palo Alto, California 94304
Telephone: +1-650-739-7500
Facsimile: +1-650-739-7699

Michael F. Heafey
mheafey@orrick.com
Jacob M. Heath
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone: +1-650-614-7400
Facsimile: +1-650-614-7401

Attorneys for Plaintiff
POWERTECH TECHNOLOGY INC.

OHSUSA:750939235.9