IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWERTECH TECHNOLOGY INC., a Taiwanese corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>TESSERA, INC., a Delaware corporation,<br><br>    Defendant.<br>_____/ | No. C 11-6121 CW<br><br>ORDER GRANTING IN PART, DENYING IN PART AND DEFERRING IN PART MOTION TO FILE UNDER SEAL (Docket No. 115) AND GRANTING MOTION TO WITHDRAW DECLARATION (Docket Nos. 118) |

    Plaintiff Powertech Technology, Inc. (PTI) moves to file under seal the declaration of G. Hopkins Guy III[1] in support of its motion for summary judgment on its claims against Defendant Tessera, Inc., Exhibits 2-10, 12-21, 23-25 and 27-30 attached to the Guy declaration and the portions of its motion that refer to these documents. PTI also moves to withdraw the original declaration of Jacob M. Heath that it submitted in support of its motion to seal and to lodge a new declaration from Mr. Heath in its place, which the Court GRANTS (Docket No. 118). The Court

---

[1] At the beginning of its motion to seal, PTI states that it seeks to file under seal the declaration of Jacob M. Heath in support of its motion for summary judgment. Mot. at 1. However, in the memorandum of points and authorities and proposed order, PTI refers instead to the declaration of G. Hopkins Guy III. PTI has submitted a courtesy copy of a declaration from Mr. Guy in support of its motion for summary judgment, including the exhibits to which it refers in the instant motion, but has not submitted a courtesy copy or filed such a declaration from Mr. Heath, although it has submitted a declaration from Mr. Heath in support of the motion to seal. Thus, the Court presumes that PTI seeks to file under seal the declaration of Mr. Guy.

notes that Tessera has not submitted a declaration in support of PTI's motion to file under seal.

PTI seek to seal court records connected to a dispositive motion. To establish that the documents are sealable, the party who has designated them as confidential "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). Cf. id. at 678 (explaining that a less stringent "good cause" standard is required to seal discovery documents related to non-dispositive motions). Compelling reasons cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. Civil Local Rule 79-5(a).

Further, if a party wishes to file a document that has been designated confidential by another party, the submitting party must file and serve an Administrative Motion for a sealing order. Civil Local Rule 79-5(d). The submitting party must provide adequate notice to the designating party that the submitting party is seeking to file material that the designating party believes is confidential, because within seven days after the administrative motion is filed, the designating party must file a declaration establishing that the information is sealable. Id. If the designating party does not file its responsive declaration, the

2

1 document or proposed filing will be made part of the public
2 record. Id.

3 PTI states that it seeks to file under seal Exhibit 12 to the
4 Guy declaration, which contains the Tessera Compliant Chip License
5 Agreement (TCC License), because it contains "proprietary and
6 confidential information, including provisions regarding the
7 calculation, payment, and amount of royalties PTI pays to Tessera
8 on licensed products." Heath Decl. ¶ 3. It also represents that
9 Exhibits 25 and 27-30 contain "confidential communications between
10 Tessera and PTI" with "confidential information regarding the
11 Parties' licensing relationship, including the amount of royalties
12 PTI pays to Tessera." Id. at ¶ 4. It further states that Exhibit
13 9 contains excerpts from the May 2012 depositions of Brian
14 Marcucci in his personal capacity and as the Rule 30(b)(6)
15 designee for Tessera, in which he discussed the business and
16 licensing relationship between the parties. Id. at ¶ 7. PTI
17 states that disclosure of Exhibits 9, 12, 25 and 27-30 would harm
18 PTI by giving its competitors this proprietary information. Id. at
19 ¶¶ 5, 7. The Court has previously granted the parties leave to
20 file Exhibits 12 and 25 under seal. See, e.g., Docket Nos. 26,
21 96. Thus, the Court finds that PTI has established that Exhibits
22 9, 12, 25 and 27-30 are sealable.

23 PTI states that Exhibit 23 to the Guy declaration is a copy
24 of the International Court of Arbitration decision in Amkor Tech.,
25 Inc. v. Tessera, Inc., Case No. 16531/VRO. The Court notes that
26 in a related case pending before this Court, Tessera filed a
27 declaration attesting that this document should be filed under
28 seal, because it discloses the terms of the confidential licensing

3

agreement between Tessera and non-party Amkor Electronics, Inc., public disclosure of which "would jeopardize Tessera's ability to continue to license its technology successfully," which is "critical to its business." Docket No. 1025, <u>Tessera v. Advanced Micro Devices, Inc.</u>, Case No. 05-4063, MacDonald Decl. ¶¶ 3-5. Accordingly, the Court finds that this document is sealable.

PTI asserts that Exhibits 2-8, 10, 12-21 and 24 should be filed under seal, because they contain excerpts from documents and testimony submitted in or related to the 630 ITC investigation and subject to the protective order issued in that action. However, PTI may not establish that these documents are sealable simply by showing that they are subject to a protective order issued in this case or in any other, <u>see</u> Local Rule 79-5(c), and must instead provide compelling reasons to file them under seal. Tessera, which submitted many of the relevant documents to the ITC, has not filed a declaration in support of their sealing. The Court also notes that Tessera has previously filed in the public docket of this case excerpts from similar documents that PTI seeks to seal at this time. <u>See, e.g.,</u> Docket No. 21-8. Further, Exhibit 4 contains the public version of the February 24, 2010 opinion issued by the International Trade Commission in the 630 ITC investigation, which is freely available in public databases. <u>See</u> 2010 ITC LEXIS 317. Accordingly, PTI has not established that these documents are sealable.

PTI, however, represents that some of these exhibits include confidential business and financial information related to the parties who were the respondents to the 630 ITC investigation, and who are not parties to the instant action. Based on a review of

4

the document, it appears that they may contain such information of non-parties, including Elpida. PTI has not provided proof that any non-parties who may consider the information confidential were provided with notice of its motion to seal.

For the reasons set forth above, PTI's motion to file under seal is GRANTED in part, DENIED in part and DEFERRED in part (Docket No. 115). The Court GRANTS PTI's request to file Exhibits 9, 12, 23, 25 and 27-30 under seal, and DENIES PTI's motion to file Exhibit 4 under seal. Within three days of the date of this Order, PTI shall electronically file Exhibits 9, 12, 23, 25 and 27-30 under seal and shall file Exhibit 4 in the public docket.

The Court DEFERS ruling on its request to file Exhibits 2-3, 5-8, 10, 12-21 and 24 under seal. Within three days of the date of this Order, PTI shall file proof that it has served copies of its motion to seal, this Order and Local Rule 79-5 upon any non-party whose confidential information may be contained in Exhibits 2-3, 5-8, 10, 12-21 and 24. Within seven days of service, any non-party who believes that this material should be filed under seal must file a declaration in support of PTI's motion to seal, establishing that the material is sealable. Failure to file a supporting declaration in compliance with this Order will result in the exhibits being made part of the public record.

IT IS SO ORDERED.

Dated: 8/10/2012

CLAUDIA WILKEN
United States District Judge