IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWERTECH TECHNOLOGY, INC., | No. C 11-6121 CW |
|     Plaintiff, | ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER (Docket No. 157) |
|   v. | |
| TESSERA, INC., | |
|     Defendant. | |

Plaintiff Powertech Technology, Inc. (PTI) moves for relief from a nondispositive discovery order of the Special Master issued on September 5, 2012. Docket No. 157. The Court considers PTI's objections de novo and DENIES PTI's motion for relief.

PTI objects to the Special Master's order on three bases. First, PTI challenges the order that it provide further deposition testimony from C.C. Liao, D.K. Tsai and P.C. Lee and an unredacted transcript of Mr. Lee's deposition testimony. PTI argues that the testimony at issue was protected under the common interest doctrine because it concerned a privileged communication with non-party Elpida. The common interest doctrine is not a privilege itself, but instead is an exception to the general rule of waiver when privileged communications are disclosed to third parties. Nidec Corp. v. Victor Co., 249 F.R.D. 575, 578 (N.D. Cal. 2007). "'The common interest privilege . . . applies where (1) the communication is made by separate parties in the course of a matter of common [legal] interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived.'" Id. (quoting United States v. Bergonzi, 216 F.R.D.

487, 495-96 (N.D. Cal. 2003) (formatting in original). "Of course, since it is an anti-waiver exception, it comes into play only if the communication at issue is privileged in the first instance." Id. PTI, who bears the burden of establishing that the material is privileged, has not identified any privileged material that was put in issue by the deposition questions and testimony. Although PTI contends that certain documents in its recently-produced privilege log were protected by attorney-client privilege and the work product doctrine, it has not shown that these particular documents were the subject of the testimony at issue. That PTI and Elpida may have communicated about some privileged material does not mean that all of their communications concerned such material.[1] Accordingly, PTI has not demonstrated the existence of any underlying privilege with respect to the deposition testimony and questions.

Second, PTI contends that it should not be required to identify and produce the documents used to refresh Mr. Lee's recollection. Federal Rule of Evidence 612 provides certain options to an adverse party when a witness uses a writing to refresh memory before testifying, if the court decides that justice requires the party to have those options. Fed. R. Evid. 612(a)(2). These options include to have the writing produced, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony. Fed. R. Evid. 612(b). The testimony at issue is

---

[1] In this Order, the Court expresses no opinion as to whether the documents identified in the privilege log were withheld properly.

2

central to the disputed issues in this case. The interest of justice requires that Tessera be allowed the opportunity to cross-examine Mr. Lee regarding any discrepancies between his memory and the writings. Further, to the extent that PTI argues that its selection of documents to refresh Mr. Lee's memory, as opposed to the documents themselves, is itself privileged information, the options set forth in Rule 612 necessarily require that the documents be identified and PTI waived any privilege that might exist over its selection by using the documents to refresh Mr. Lee's recollection.

Finally, PTI argues that it should not be required to produce a "full privilege log" by a date certain while Defendant Tessera, Inc. has no corresponding deadline to complete its privilege log. However, the Special Master's order did not require PTI to provide a full privilege log by a date certain; instead, it required PTI to do so only for documents withheld in reliance on the common interest doctrine.

IT IS SO ORDERED.

Dated: 10/4/2012

CLAUDIA WILKEN
United States District Judge