IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWERTECH TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> TESSERA, INC., <br><br> Defendant. <br> _____/ <br> AND ALL RELATED COUNTERCLAIMS <br> _____/ | No. C 11-6121 CW <br><br> ORDER DENYING PTI'S MOTION TO STAY PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS (Docket No. 220) AND GRANTING PTI'S MOTION TO FILE A RESPONSE TO TESSERA'S OBJECTION TO REPLY EVIDENCE (Docket No. 239) |

Plaintiff Powertech Techology, Inc. (PTI) has filed a petition for a writ of mandamus with the Ninth Circuit Court of Appeals seeking review of this Court's January 18, 2013 order affirming the December 14, 2012 order of the Special Master which addressed whether documents sought by Defendant Tessera, Inc. were protected by the attorney-client privilege. PTI now seeks to stay the December 14, 2012 and January 18, 2013 orders while its mandamus petition remains pending. Tessera opposes the motion to stay. The Court took the motion under submission on the papers. For the reasons set forth below, the Court DENIES PTI's motion to stay (Docket No. 220).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 556 U.S. 418, 427

(2009) (citation and internal quotation marks omitted). Instead, it is "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case." Id. at 433 (citation and internal quotation and alteration marks omitted). The party seeking a stay bears the burden of justifying the exercise of that discretion. Id. at 433-34.

The factors considered "in determining whether a stay pending petition for writ of mandamus is warranted are the same as a stay pending appeal . . . ." Durand v. Stephenson, 2012 U.S. Dist. LEXIS 154968, at *2-3 (E.D. Cal.) (internal quotation marks and citation omitted). "A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." Humane Soc. of U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009). The first two factors of this standard "are the most critical." Nken, 556 U.S. at 434. Once these factors are satisfied, courts then assess "the harm to the opposing party" and weigh the public interest. Id. at 435.

An alternative to this standard is the "substantial questions" test, which requires the moving party to demonstrate "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff," along with a "likelihood of irreparable injury." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010) (internal quotation marks omitted); see also Golden Gate Rest. Ass'n v. City & Cnty. of S.F., 512 F.3d 1112, 1116 (9th Cir. 2008).

2

PTI has not met its burden to show that it is likely to succeed on the merits of its mandamus petition or that there are substantial questions going to the merits. PTI states that "Elpida's legal advisers, while not expressly licensed or members of a bar association, are authorized to give in-house legal counsel by implication in Japan." Mot. at 4. However, PTI provides no authority or evidence for this assertion. PTI cites Welfare Rights Org. v. Crisan, 33 Cal. 3d 766 (1983), to argue that the "California Supreme Court has embraced a practical approach to finding privilege by implication." Mot. at 4. In that case, the court found that a "privilege comparable to the attorney-client [privilege] is impliedly provided by statute," where various statutory and regulatory provisions authorized the lay representation of welfare recipients at certain hearings. Crisan, 33 Cal. 3d at 769-72. Here, although PTI generally referred to the role of Japanese patent advisers, as the Court found in the January 18, 2013 order, it did not offer any evidence whatsoever that the four particular individuals in question are actually authorized in any jurisdiction to provide legal advice or representation to Elpida Memory Inc. or that Elpida had a reasonable belief that they were so authorized.

PTI's citation to Renfield Corp. v. E. Remy Martin & Co., S.A., 98 F.R.D. 442 (D. Del. 1982), is not to the contrary. In that case, which did not involve California law, the court considered whether the attorney-client privilege applied to the defendants' French in-house counsel. Id. at 444. The plaintiff argued that the privilege was unavailable because the French in-house counsel were not members of a bar. Id. The court examined

3

the French legal system, found that "there is no clear French equivalent to the American 'bar'" and concluded that these individuals were competent to render legal advice and permitted by law to do so. Id. As stated previously, PTI has not made any corresponding showing that the particular persons here were permitted by law to give legal advice.

Because PTI has not shown that it is likely to succeed on the merits of its mandamus petition and has not raised serious questions going to the merits, the Court need not compare the hardships involved in the granting or denial of the stay or address the balance of equities. See Mount Graham Coalition v. Thomas, 89 F.3d 554, 558 (9th Cir. 1996).

Accordingly, the Court denies PTI's motion to stay (Docket No. 220). Because the Court reaches the same result notwithstanding the reply evidence and argument to which Tessera objects, the Court grants PTI's motion to file a response to Tessera's objection (Docket No. 239) and overrules the objection.

4

Pursuant to Federal Rule of Appellate Procedure 8(a)(2), PTI may seek a stay from the Ninth Circuit Court of Appeals. Unless it has obtained one within seven days from the date of this Order, it shall immediately produce the documents. If it does so, and the Ninth Circuit subsequently grants PTI's petition for a writ of mandamus, Tessera shall immediately destroy the documents and shall not rely on their contents in any way. Until the Ninth Circuit has resolved the mandamus petition, Tessera's counsel shall restrict access to the documents to outside counsel only.

IT IS SO ORDERED.

Dated: 3/20/2013

CLAUDIA WILKEN
United States District Judge