IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POWERTECH TECHNOLOGY, INC.,

    Plaintiff,

  v.

TESSERA, INC.,

    Defendant.

No. C 11-6121 CW

ORDER DENYING DAVID SUN'S MOTION FOR RELIEF FROM A NONDISPOSITIVE PRETRIAL ORDER OF THE SPECIAL MASTER (Docket No. 286)

    Mr. David Sun, a director of Plaintiff Powertech Technology, Inc. (PTI) and Chief Financial Officer and Vice President of Operations of non-party Kingston,[1] moves for relief from the Special Master's order denying Mr. Sun's motion to quash his deposition subpoena and granting Defendant Tessera, Inc.'s motion to compel his deposition. Having reviewed the papers filed by Mr. Sun, the Court denies his motion for relief.

    Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including" by forbidding a deposition. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. GMC, 307 F.3d 1206, 1210-1211 (9th Cir. 2002). "Rule 26's 'good cause' requirement is a heavy burden."

---

[1] Mr. Sun's argument that the Special Master erred by failing to "mention[] that Mr. Sun is a non-party," Mot. at 3 (emphasis omitted), is unavailing. It is undisputed that, as the Special Master noted, Mr. Sun is an officer of PTI, the plaintiff in this action.

1  LifeScan Scotland, Ltd. v. Shasta Techs., LLC, 2012 U.S. Dist.
2  LEXIS 100547, at *4 (N.D. Cal.) (citing Blankenship v. Hearst
3  Corp., 519 F.2d 418, 429 (9th Cir. 1975)).  "Thus, it is very
4  unusual 'for a court to prohibit the taking of a deposition
5  altogether absent extraordinary circumstances.'"  Apple Inc. v.
6  Samsung Elecs. Co., 282 F.R.D. 259, 263 (N.D. Cal. 2012) (quoting
7  WebSideStory, Inc. v. NetRatings, Inc., 2007 U.S. Dist. LEXIS
8  20481, at *7 (S.D. Cal.)).
9      "When the party seeks the deposition of a high-level
10 executive (a so-called 'apex' deposition), the court may exercise
11 its discretion under the federal rules to limit discovery."  In re
12 Google Litig., 2011 U.S. Dist. LEXIS 120905 (N.D. Cal.).  "In
13 determining whether to allow an apex deposition, courts consider
14 (1) whether the deponent has unique first-hand, non-repetitive
15 knowledge of the facts at issue in the case and (2) whether the
16 party seeking the deposition has exhausted other less intrusive
17 discovery methods."  Apple, 282 F.R.D. at at 263 (quoting In re
18 Google Litig., 2011 U.S. Dist. LEXIS 120905, at *10).  "'When a
19 witness has personal knowledge of facts relevant to the lawsuit,
20 even a corporate president or CEO is subject to deposition.'"  Id.
21 (quoting WebSideStory, Inc., 2007 U.S. Dist. LEXIS 20481, at *7).
22 "'A claimed lack of knowledge, by itself it is insufficient to
23 preclude a deposition.'"  Id. (quoting In re Google Litig., 2011
24 U.S. Dist. LEXIS 120905, at *10).
25     To the extent that Mr. Sun argues that Tessera properly bears
26 the burden to show that the deposition should proceed, this is
27 incorrect.  As noted above, under Rule 26, Mr. Sun, as the person
28 seeking to avoid discovery, bears the burden of showing that good

2

cause exists to prevent the deposition. "The burden under the apex principle is supplied by the general rule applicable to a party that seeks to avoid discovery in general." In Re Nat'l W. Life Ins. Deferred Annuities Litig., 2011 WL 1304587, at *4 n.2 (S.D. Cal.); see also Serrano v. Cintas Corp., 699 F.3d 884, 901-02 (6th Cir. 2012) (rejecting argument that, under the apex doctrine, "'harassment and abuse' are 'inherent' in depositions of high-level corporate officers," and reiterating that, under Rule 26(c), the party seeking to avoid a deposition must show the harm it would suffer by submitting to the deposition). "The apex deposition principle is not an automatic bar that [the party propounding the discovery] must overcome by a showing of good cause." In Re Nat'l W. Life Ins. Deferred Annuities Litig., 2011 WL 1304587, at *4 n.2. "Rather, it is a protective tool that is selectively employed on a case by case basis when deemed appropriate." Id.

 Although Mr. Sun relies on his position at Kingston to shield him from a deposition here, Tessera seeks to take his deposition for information regarding his participation in, and business activities of, PTI, not for information regarding Kingston. Even if Mr. Sun is a so-called apex executive, the Court agrees with the Special Master that Tessera has identified relevant information that he may have personally and that it has already tried to obtain the information from other deponents, after the Special Master denied its first motion to compel. As the Special Master stated, Tessera was not required to prove that he certainly has such information; Tessera cannot be certain that he does or does not until it has taken his deposition. Further, although Mr.

3

Sun claims that he does not have relevant information, he has indisputably considered and voted on matters relevant to this case in his capacity as a member of PTI's board, even if he was in general not an active member and rarely spoke at Board meetings.

Accordingly, the Court DENIES Mr. Sun's motion for relief from a nondispositive order of the Special Master (Docket No. 286).

IT IS SO ORDERED.

Dated: 7/26/2013

CLAUDIA WILKEN
United States District Judge