IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWERTECH TECHNOLOGY, INC., <br><br>  Plaintiff, <br><br>  v. <br><br> TESSERA, INC., <br><br>  Defendant. <br> _____/ <br> AND ALL RELATED CLAIMS AND COUNTERCLAIMS <br> _____/ | No. C 11-6121 CW <br><br> ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE (Docket Nos. 127) |

Plaintiff Powertech Technology, Inc. (PTI) moves for summary judgment on its first cause of action against Defendant Tessera, Inc., in which it seeks declaratory judgment finding that it is entitled to terminate the Tessera Compliant Chip License Agreement (TCC License). Tessera opposes the motion and cross-moves for summary judgment on this claim as well as PTI's second and third causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. PTI opposes the cross-motion.

After the parties briefed the instant cross-motions for summary judgment, Tessera filed counterclaims against PTI that implicate issues that overlap significantly with PTI's claims at issue in the instant cross-motions. For example, Tessera asserts a breach of contract counter-claim against PTI, alleging that PTI breached the TCC License by "purporting to terminate in the absence of any breach by Tessera." Tessera also asserts a declaratory judgment claim against PTI, alleging that PTI had no

past or current right to terminate the agreement.  These claims and allegations overlap substantially with PTI's corresponding claim for declaratory judgment that it is entitled to terminate the agreement.  Similarly, Tessera brings counterclaims against PTI for fraud and negligent misrepresentation, alleging among other things that PTI concealed the full amount due to Tessera in its royalty reports, thereby leading Tessera to believe that Elpida, one of PTI's customers, was obtaining infringing products from an unlicensed supplier and inducing Tessera to sue Elpida before the International Trade Commission.  Tessera has made similar allegations in its affirmative defenses to PTI's first three claims against it.

Pursuant to the case management schedule in the instant case, the parties will be briefing additional dispositive motions beginning on September 23, 2013.  Because of the substantial overlap in claims and defenses at issue in the instant cross-motions for summary judgment and in the counterclaims that are not the subject of these motions, it is very likely that, if the Court were to rule on the merits of the pending cross-motions, one or both of the parties would ask the Court to consider overlapping issues in their later dispositive motions or to reconsider the holdings already made.

Accordingly, in the interest of judicial economy and in order to consider these matters with the benefit of a complete record rather than in a piecemeal fashion, the Court denies the parties' cross-motions without prejudice to renewal in their later cross-motions for summary judgment.

This Order terminates Docket No. 127.  The motions to seal that are related to the cross-motions for summary judgment remain pending because they likely will remain relevant to the later cross-motions for summary judgment.

IT IS SO ORDERED.

Dated: 8/1/2013

CLAUDIA WILKEN
United States District Judge