IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWERTECH TECHNOLOGY INC., | No. C 11-6121 CW |
| Plaintiff, | ORDER REGARDING MOTIONS FOR LEAVE TO FILE MOTIONS FOR RECONSIDERATION OF THE COURT'S JANUARY 15, 2014 ORDER |
| v. | |
| TESSERA, INC., | |
| Defendant. | |
| _____/ | (Docket Nos. 457, 462) |
| AND ALL RELATED COUNTERCLAIMS | |
| _____/ | |

    Tessera has requested leave to file a motion for clarification of the Court's January 15, 2014 order addressing the parties' cross motions for summary judgment.  In that order, the Court noted that there was no motion for summary judgment regarding PTI's claim for breach of the implied covenant of good faith and fair dealing, and so only that claim from PTI's complaint remains in the case.  Docket No. 447.

    Tessera contends that it did in fact move for summary judgment on this claim.  Tessera's notice of motion requests summary judgment on "PTI's Second Claim for breach of contract and Third Claim for breach of the implied covenant of good faith and fair dealing," and its memorandum of points and authorities states that summary judgment should be granted on PTI's implied covenant claim for the same reasons as on PTI's breach of contract claim.  See Docket No. 407.  However, neither PTI nor Tessera's opposition and reply briefs discuss the issue further.

At oral argument, the Court questioned the parties about their respective motions for summary judgment.  Tessera unequivocally stated it was not pursuing a motion for summary judgment against PTI's breach of the implied covenant claim.[1] Accordingly, both the Court and presumably PTI understood Tessera's response to indicate that Tessera was no longer challenging PTI's breach of the implied covenant claim.  Tessera has now clarified that it did not intend to waive its challenge at all, despite its statement at oral argument to the contrary.

The Court finds that Tessera has raised material facts that ought to be considered.  As a result, the Court allows Tessera to file a brief not exceeding five pages to support its motion for summary judgment on PTI's breach of the implied covenant of good faith and fair dealing claim.  PTI may file an opposition of up to seven pages and Tessera may file a reply of up to two pages.  The

---

[1] THE COURT: On the breach of the covenant, I'm having a hard time keeping track of who moved on whose cause of action, but you each have a breach of the covenant claim against each other.

MS. SEIGLE (Counsel for Tessera): Correct.

THE COURT: Did you move on theirs or on yours?

MS. SEIGLE: We did not move on PTI's claim for breach of the implied covenant.  They moved on our claim for breach of the implied covenant.

COURT: Okay.

MR. GUY (Counsel for PTI): That's correct.

Docket No. 444.

2

Court will then decide on the papers whether the summary judgment order should be modified.

PTI also seeks leave to file a motion for reconsideration of the Court's January 15, 2014 order.  PTI contends that the Court did not consider the possibility that Tessera's arguments made in seeking a General Exclusion Order (GEO) in 2009 constituted a breach of the TCC License.  PTI contends it was not in breach at that time.  But the TCC License states that "bring[ing] an action in the U.S. International Trade Commission" would be a breach, TCC License § XIV.A, not making miscellaneous arguments during the course of litigation against others.  The Court noted that, except for a brief period in 2008 to 2009, it is undisputed that PTI willfully withheld royalties, and so "PTI was not a non-breaching party when Tessera purportedly breached, when PTI attempted to terminate, or even now."  Docket No. 447 at 12.  PTI therefore did not have a right to terminate when it attempted to do so and cannot do so now.  PTI's request to file a motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: 1/28/2014

CLAUDIA WILKEN
United States District Judge

3